UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JULIAN BRENT MANNING (#565525)**          **CIVIL ACTION**

**VERSUS**

**CHAD MENZINA, ET AL.**          **NO. 11-0521-SDD-RLB**

**O R D E R**

This matter comes before the Court on the plaintiff's Motion in Limine, rec.doc.no. 80, pursuant to which he seeks to be allowed to present documentary evidence at trial to impeach a witness intended to be called by the defendants, Jonathan Roundtree, M.D. Specifically, the plaintiff seeks to be allowed to introduce documentation indicating that in October, 1983, Dr. Roundtree was disciplined by the Louisiana State Board of Medical Examiners for having improperly dispensed a Schedule IV federal controlled substance to patients at a weight loss clinic. This Motion shall be denied.

Initially, the Court notes that the argument put forth by the defendants in their Opposition to the plaintiff's Motion, rec.doc.no. 81, is misplaced. Contrary to the defendants' assertions, it is well-recognized that a motion in limine may be used, not only to exclude anticipated evidence at a trial or hearing, but also to "secure a pretrial ruling that certain evidence is admissible." See Bond Pharmacy, Inc. v. AnazaoHealth Corp., 2012 WL 3052902 (S.D. Miss. July 25, 2013), and authorities cited therein. Further, the defendants' assertion that the plaintiff's proposed exhibit is excludable as hearsay evidence is unfounded inasmuch as the exhibit, a Consent Order signed by Dr. Roundtree and entered in a proceeding pending before the Louisiana State Board of Medical Examiners, would qualify as a public record within the meaning of Rule 803 of the Federal Rules

of Evidence. Accordingly, the defendants' Opposition to the plaintiff's Motion is not persuasive in this regard.

Notwithstanding the foregoing, Rule 608(b) of the Federal Rules of Evidence generally prohibits the use of extrinsic evidence relative to prior acts of misconduct by a witness (which have not resulted in convictions) to attack a witness' character for truthfulness. And even though this Rule permits the Court to allow inquiry, on cross-examination, into prior acts of misconduct by a witness for impeachment purposes, the inquiry is specifically limited to acts of misconduct which relate to a witness' character for truthfulness or untruthfulness. In the Court's view, the prior acts of misconduct by Dr. Roundtree which are sought to be introduced by the plaintiff in this case, i.e., the fact that this witness wrongfully dispensed medication to patients at a weight loss clinic, do not in fact bear upon Dr. Roundtree's character for truthfulness or untruthfulness. See, e.g., United States v. Tomblin, 46 F.3d 1369, 1389 (5th Cir. 1995), citing United States v. Leake, 642 F.2d 715, 718 (4th Cir. 1981) ("Rule 608 authorizes inquiry only into instances of misconduct that are 'clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery, and embezzlement"). For this reason, the Court concludes that the plaintiff's proposed exhibit and line of inquiry should not be allowed. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion in Limine, rec.doc.no. 80, be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on July 26, 2013.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE**